IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID COATS,

    Petitioner,

v.                                                                               Civil Action No. 1:18cv137
                                                                             (Judge Kleeh)

FREDERICK ENTZEL,

    Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On July 2, 2018, the Petitioner, David Coats ("Coats"), an inmate then-incarcerated at FCI Hazelton[1] in Bruceton Mills, West Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his conviction in the Superior Court of the District of Columbia. ECF No. 1. The Petitioner has satisfied the requirement of paying his filing fee. ECF No. 4. On November 30, 2018, Petitioner filed a motion for an appeal bond. ECF No. 10. By Miscellaneous Case Order entered on November 30, 2018, the case was reassigned from Senior District Judge Irene M. Keeley to District Judge Thomas S. Kleeh. ECF No. 11. Petitioner's motion for an appeal bond was denied by Order entered April 11, 2019. ECF No. 12.

The matter is assigned to the Thomas S. Kleeh, United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. Factual and Procedural History[2]

---

[1] Coats is presently incarcerated at FCI Yazoo City Low, in Yazoo City, Mississippi. See ECF No. 13.

[2] The facts are taken from the Petitioner's criminal Case No. 02-FEL-5939 in the Superior Court of the District of Columbia, *available at* < https://eaccess.dccourts.gov > The entries on that criminal docket have no docket numbers; they are only referenced by dates. The *pro se* law clerk ("PSLC") assigned to this case has obtained from the chambers

### A. <u>Conviction and Sentence</u>

On July 22, 2003, a grand jury sitting in the Superior Court of the District of Columbia returned a seven-count Indictment charging Petitioner in Count One with First Degree Murder While Armed (Premeditated), in violation of 22 D.C. Code, §§ 2101, 4502 and First Degree Murder While Armed (Premeditated with Aggravating Circumstances) in violation of 22 D.C. Code, §§ 2101, 2104, 2104.01(b)(3) and (b)(9), 4502; in Count Two with First Degree Burglary, in violation of 22 D.C. Code, § 801(a); in Count Three with First Degree Murder While Armed – Felony Murder, in violation of 22 D.C. Code, §§ 2101, 4502 and First Degree Murder While Armed – Felony Murder (With Aggravating Circumstances), in violation of 22 D.C. Code, §§ 2101, 2104, 2104.01(b)(3) and (b)(9), 4502; in Count Four with First Degree Murder While Armed – Felony Murder, in violation of 22 D.C. Code, §§ 2101, 4502 and First Degree Murder While Armed – Felony Murder (With Aggravating Circumstances) in violation of 22 D.C. Code, §§ 2101, 2104, 2104.01(b)(3) and (b)(9), 4502; in Count Five with Accessory After the Fact, in violation of 22 D.C. Code, § 1806; in Count Six with Arson, in violation of 22 D.C. Code, § 301; and in Count Seven with Tampering With Physical Evidence,[3] in violation of 22 D.C. Code, § 723.[4]

---

of the presiding judge in Petitioner's criminal case, copies of Petitioner's indictment, and the filings in his first and second motions to vacate, to obtain the relevant information regarding Petitioner's underlying criminal convictions. Unless otherwise noted, the events noted in § II, A-C of this Report and Recommendation refer to that criminal case. <u>Philips v. Pitt Cnty. Mem. Hosp.</u>, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); <u>Colonial Penn. Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

[3] The government's original plea offer included a count of Tampering with Evidence (Count Seven), but this charge was withdrawn at the December 10, 2003 plea hearing and was replaced with the attempted distribution of cocaine charge.

[4] The citations in the indictment were to the 2001 edition of the D.C. Code.

On December 10, 2003, pursuant to a written plea agreement,[5] Coats pled guilty to voluntary manslaughter, a lesser included offense to the First Degree Murder charge (D.C. Code § 22-2405); arson (D.C. Code § 22-401); and attempted distribution of cocaine (D.C. Code § 22-541).[6]

On March 16, 2004, Petitioner was sentenced to a term of incarceration of 10 – 30 years for voluntary manslaughter, to run consecutively to a term of 40 – 120 months for arson, and a concurrent term of 5 – 15 years for attempted distribution of cocaine.

**B. Appeal**

No direct appeal was taken.

**C. Motions to Vacate**

More than four years after he was sentenced, on June 6, 2008, Petitioner filed a *pro se* motion to vacate his sentence under D.C. Code § 23-110, arguing that his plea was not knowing and voluntary, and that his lawyer rendered ineffective assistance. On October 12, 2010, the court denied the motion without a hearing, noting that the allegations were "vague and conclusory." Petitioner did not appeal the court's decision.

On July 17, 2018, fifteen days after filing the instant § 2241 petition, Coats filed a second *pro se* Motion to Vacate pursuant to D.C. Code § 23-110 in the sentencing court, asserting that his guilty plea violated the United States Constitution and the laws of the District of Columbia because he was convicted of crimes without first being indicted, and his lawyer should have objected to the lack of indictment. On February 19, 2019, the government filed a response in opposition, arguing that Coats' motion was procedurally barred as successive; further, it was meritless, because Coats had in fact been indicted on all counts to which he pled guilty except the Attempted Distribution of

---

[5] In the plea offer, the government corrected the D.C. Code citations to the 1999 edition of the Code.

[6] On December 10, 2003, Coats signed a written waiver of indictment, agreeing to waive his right to an indictment on the cocaine charge.

Cocaine, to which he waived the indictment incident to the plea agreement. Therefore, the government argued, counsel could not have been found ineffective for failing to object to the lack of an indictment. On March 19, 2019, Petitioner filed an objection/reply. As of the date of entry of this Report and Recommendation, a decision has not yet been issued on Petitioner's second motion to vacate.

### D. The § 2241 Petition

In his petition, Coats makes substantially the same arguments he makes in his second § 23-110 motion to vacate, currently pending in the sentencing court:

1) his convictions violated his right to an indictment and to be informed of the nature of the charges against him, because "there was no indictment to the two counts (13) and (16) [sic]," and he did not waive his right to an indictment. He asserts that "[h]ad I known there was no indictment, I would not have entered into a guilty plea." ECF No. 1 at 5.

2) his plea was unconstitutional because he pled guilty believing he was under indictment on several charges, including capital murder while armed; he was never advised that he was only indicted on one count of murder while armed, and that the count was dismissed prior to his plea. Id. at 5 – 6.

Coats contends that he "just discovered" these grounds during a review of his case related to his custody classification. Id. at 7. For relief, he requests that this Court vacate all of his convictions and dismiss all the charges with prejudice. Id. at 8.

In answer to why his remedy by way of § 2255 was inadequate or ineffective to test the legality of his detention, Coats asserts that because he was convicted in Superior Court of the District of Columbia, he is unable to file a § 2255 motion. Id. at 9.

### III. Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (*per curiam*). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of Respondent.

### IV. Analysis

Prior to 1970, "the D.C. court system did not exist in its present form, and many of the cases now brought in the District's courts were instead heard in federal court." Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998). That system changed in 1970, when the United States Congress passed the District of Columbia Court Reform and Criminal Procedure Act, Pub. L. No. 91-358 (1979) ("Court Reform Act"). The Court Reform Act established the current dual court system and provided a "remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence." Blair-Bey, at 1042 (citing D.C. Code § 23-110).

Section 23-100(g) provides:

An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, **shall not be entertained** by the Superior Court or **by any Federal or State court** if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has

5

>denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

(emphasis added).

Therefore, prisoners, such as this Petitioner, sentenced by the Superior Court of the District of Columbia may collaterally challenge the constitutionality of their convictions by moving in that court under D.C. Code § 23-110. Garris v. Lindsay, 794 F.2d 722, 725 (D.C. Cir.)(*per curiam*), *cert denied*, 479 U.S. 993 (1986); see also Byrd v. Henderson, 199 F.3d 34, 36-37 (D.C. Cir. 1997) ("Since passage of the Court Reform Act, however, a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motions in the sentencing court-the Superior Court-pursuant to D.C. Code § 23-110."). If that avenue proves unsuccessful, the prisoner may then appeal in the D.C. Court of Appeals, which is the highest court in the local D.C. court system. See Garris, *supra* at 725 (citing D.C. Code § 23-110(f)).

The Court Reform Act further "provided that, to the extent that [a] remedy [under D.C. Code § 23-110] was available, **it was an exclusive one."** Blair-Bey, *supra* at 1042 (emphasis added.) In fact, the Supreme Court has characterized D.C. Code § 23-110(g) as an "unequivocal command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court . . . " Swain v. Pressley, 430 U.S. 372, 377 (1977). In Swain, the Supreme Court held that a district court lacks jurisdiction to entertain a habeas corpus petition attacking the constitutional validity of a Superior Court sentence even after the local remedy, if adequate and effective, has been pursued unsuccessfully. 430 U.S. at 377-78. Consequently, while "prisoners sentenced by state courts may resort to federal habeas corpus after exhaustion of their state remedies, a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" Garris, *supra* at 726 (citations omitted). Thus, the Court Reform Act "entirely divested the federal courts of jurisdiction

to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective.'" Blair-Bey, *supra* at 1042.

Determining whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective "hinges on the same considerations enabling federal prisoners to seek habeas review." Perkins v. Henderson, 881F.Supp. 55, 59 (D.D.C. 1995); see also Swain, *supra* at 377 ("the language of § 23-110(g) was deliberately patterned after 28 U.S.C. § 2255").  Indeed, the determinative factor "is the inefficacy of the remedy, not a personal inability to utilize it . . ." Garris, *supra* at 727; see also David v. Bragg, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991)("[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between the D.C. and federal habeas remedies.")

Here, Petitioner has made no demonstration that the remedy available under § 23-110 is an "inadequate or ineffective" means of challenging his sentence.  His lack of success in his prior collateral attack on his conviction, or the possibility that he might not succeed on his currently pending motion to vacate under § 23-110, raising these same claims, does not render his local remedy inadequate or ineffective. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000) (stating, in the analogous context of 28 U.S.C. § 2255, that "[t]his Court and other Courts of Appeals have consistently noted that a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy")(internal quotations omitted); Perkins v. Henderson, 881 F.Supp. 55, 59 n. 5 (D.D.C. 1995) ("A petitioner may not complain that the remedies provided him by § 23-110 are inadequate merely because he was unsuccessful when he invoked them.").

## V. Recommendation

For the reasons stated above, it is recommended that the § 2241 petition be **DENIED** and **DISMISSED with prejudice** because it does not demonstrate that a motion under § 23-113 is, or was, inadequate or ineffective to test the legality of Petitioner's conviction and detention and, therefore, this Court lacks jurisdiction to entertain the same.

The Petitioner is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas S. Kleeh, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, **any party shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court**, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Kleeh.

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: April 22, 2019

/s/ *Michael John Aloi*
MICHAL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE